UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-23924

| | |
|---|---|
| MICHAEL BRENNAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> OPKO HEALTH, INC., PHILLIP FROST, ADAM LOGAL, and JUAN RODRIGUEZ, <br><br> Defendants. | **(JURY TRIAL DEMANDED)** |

## CLASS ACTION COMPLAINT

Plaintiff Michael Brennan ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding OPKO Health, Inc. ("OPKO" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

1

**NATURE OF THE ACTION**

1.     This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired OPKO securities between September 26, 2013 and September 7, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.     OPKO purports to be a healthcare company that engages in the diagnostics and pharmaceuticals business.  OPKO is headquartered in Miami, Florida, and the Company's stock trades on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "OPK".

3.     Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) OPKO and its Chairman and Chief Executive Officer ("CEO"), Defendant Phillip Frost ("Frost"), were participants in a "pump-and-dump" scheme designed, in part, to artificially inflate the price of various stocks, allowing Defendant Frost, among others, to reap millions of dollars in unlawful profits; and (ii) as a result, OPKO's public statements were materially false and misleading at all relevant times.

4.     On September 7, 2018, the SEC issued a press release entitled "SEC Charges Microcap Fraudsters for Roles in Lucrative Market Manipulation Schemes".  The press release stated, in part, that the SEC had "charged a group of 10 individuals and 10 associated entities for their participation in long-running fraudulent schemes that generated over $27 million from

unlawful stock sales and caused significant harm to retail investors who were left holding virtually worthless stock." The press release named both OPKO and Frost as defendants.

5. Following this news, OPKO's stock price fell $1.01 per share, or more than 18%, before NASDAQ halted the trading of OPKO stock on September 7, 2018 at 2:34 p.m. EDT at $4.58 per share.

6. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and Section 27 of the Exchange Act.

9. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as OPKO's principal executive offices are located within this Judicial District.

10. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## **PARTIES**

11.     Plaintiff, as set forth in the attached Certification, acquired OPKO's securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

12.     Defendant OPKO is a Delaware corporation with its principal place of business at 4400 Biscayne Boulevard, Miami, Florida 33137.  OPKO's stock trades on the NASDAQ under the ticker symbol "OPK".

13.     Defendant Frost has served at all relevant times as OPKO's CEO and Chairman.

14.     Defendant Adam Logal ("Logal") has served as OPKO's Senior Vice President and Chief Financial Officer ("CFO") since March 2014, and previously served as its Vice President and Chief Accounting Officer and Treasurer from July 2012 until March 2014.

15.     Defendant Juan Rodriguez ("Rodriguez") served as OPKO's Senior Vice President and CFO from July 2012 until April 2014.

16.     The Defendants referenced in ¶¶ 13-15 are sometimes referred to herein as the "Individual Defendants."

17.     The Individual Defendants possessed the power and authority to control the contents of OPKO's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations

being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

### SUBSTANTIVE ALLEGATIONS

### Background

18. OPKO purports to be a healthcare company that engages in the diagnostics and pharmaceuticals business.

### Materially False and Misleading Statements Issued during the Class Period

19. The Class Period begins on September 6, 2013, when one or more of the Defendants caused the publication of an article entitled "Opko and its Billionaire CEO Invested in Biozone" on the website *Seeking Alpha*. This article promoted the stock of Biozone by citing Defendant Frost's ownership in Biozone based on his purported reputation as a savvy investor in biotech companies. This publication included a statement that the author was **not** compensated for the article (other than from *Seeking Alpha*), whereas, upon information and belief based upon the SEC's recent complaint against, *inter alia*, Defendants OPKO and Frost, its author had been paid for writing it.

20. Similarly, on April 8, 2015, an article entitled "Opko Spots Another Overlooked Opportunity in MabVax Therapeutics" was published on *Seeking Alpha* in order to promote the stock of MabVax, once again aiming to inflate MabVax's stock price by citing the reputation of Frost and OPKO. Once again, this publication included a statement that the author was **not** compensated for the article (other than from *Seeking Alpha*), whereas, upon information and belief based upon the SEC's recent complaint against, *inter alia*, Defendants OPKO and Frost, its author had been paid for writing it.

21. In addition to the foregoing articles, in each of the quarterly and annual securities filings made by OPKO and signed by Defendant Frost as Chairman and CEO and by Defendants Logal and Rodriguez during their respective tenures as OPKO's CFO, the Individual Defendants attested to the accuracy of the Company's financial reporting and represented that the financial statements contained no material misrepresentations.

## The Truth Begins to Emerge

22. On September 7, 2018, the SEC issued a press release entitled "SEC Charges Microcap Fraudsters for Roles in Lucrative Market Manipulation Schemes". The press release stated, in part, that the SEC had "charged a group of 10 individuals and 10 associated entities for their participation in long-running fraudulent schemes that generated over $27 million from unlawful stock sales and caused significant harm to retail investors who were left holding virtually worthless stock." The press release, which named both OPKO and Frost as defendants, stated, in relevant part:

> **SEC Charges Microcap Fraudsters for Roles in Lucrative Market Manipulation Schemes**
>
> The Securities and Exchange Commission today charged a group of 10 individuals and 10 associated entities for their participation in long-running fraudulent schemes that generated over $27 million from unlawful stock sales and caused significant harm to retail investors who were left holding virtually worthless stock.
>
> According to the SEC's complaint, from 2013 to 2018, a group of prolific South Florida-based microcap fraudsters led by Barry Honig manipulated the share price of the stock of three companies in classic pump-and-dump schemes. ***Miami biotech billionaire Phillip Frost allegedly participated in two of these three schemes.*** Honig allegedly orchestrated the acquisition of large quantities of the issuer's stock at steep discounts, and after securing a substantial ownership interest in the companies, Honig and his associates engaged in illegal promotional activity and manipulative trading to artificially boost each issuer's stock price and to give the stock the appearance of active trading volume. According to the SEC's complaint, Honig and his associates then dumped their shares into the inflated market, reaping millions of dollars at the expense of unsuspecting investors.

> "As alleged, Honig and his associates engaged in brazen market manipulation that advanced their financial interests while fleecing innocent investors and undermining the integrity of our securities markets," said Sanjay Wadhwa, Senior Associate Director in the SEC's Division of Enforcement. "They failed to appreciate, however, the SEC's resolve to relentlessly pursue and punish participants in microcap fraud schemes."
>
> The SEC's complaint, which was filed in federal district court in Manhattan, charges Honig, John Stetson, Michael Brauser, John R. O'Rourke III, Mark Groussman, **_Frost_**, Elliot Maza, Robert Ladd, Brian Keller, John H. Ford, Alpha Capital Anstalt, ATG Capital LLC, GRQ Consultants Inc., HS Contrarian Investments LLC, Grander Holdings Inc., Melechdavid Inc., **_OPKO Health Inc._**, Frost Gamma Investments Trust, Southern Biotech Inc., and Stetson Capital Investments Inc. with **_violating antifraud, beneficial ownership disclosure, and registration provisions of the federal securities laws and seeks monetary and equitable relief_**.

(Emphases added.)

23.     Following this news, OPKO's stock price fell $1.01 per share, or more than 18%, before NASDAQ halted the trading of OPKO stock on September 7, 2018 at 2:34 p.m. EDT at $4.58 per share. On September 14, 2018, at 1:15 p.m. EDT, OPKO stock resumed trading, and fell $0.68, or nearly 15%, to close at $3.90.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired OPKO securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

25. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, OPKO securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by OPKO or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

26. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

27. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

28. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of OPKO;

- whether the Individual Defendants caused OPKO to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of OPKO securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

29. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

30. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- OPKO securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold OPKO securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

31. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

32. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

33. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

34. This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

35. During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of OPKO securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire OPKO securities and options at artificially inflated prices. In furtherance of

this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

36. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for OPKO securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about OPKO's finances and business prospects.

37. By virtue of their positions at OPKO , Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

38. Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of OPKO, the Individual Defendants had knowledge of the details of OPKO's internal affairs.

39. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of OPKO. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to OPKO's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of OPKO securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning OPKO's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired OPKO securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

40. During the Class Period, OPKO securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of OPKO securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of OPKO securities was substantially lower than the prices paid by Plaintiff and

the other members of the Class.  The market price of OPKO securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

41. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

42. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)**

43. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

44. During the Class Period, the Individual Defendants participated in the operation and management of OPKO, and conducted and participated, directly and indirectly, in the conduct of OPKO's business affairs.  Because of their senior positions, they knew the adverse non-public information about OPKO's misstatement of income and expenses and false financial statements.

45. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to OPKO's financial condition and results of operations, and to correct promptly any public statements issued by OPKO which had become materially false or misleading.

46. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which OPKO disseminated in the marketplace during the Class Period concerning OPKO's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause OPKO to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of OPKO within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of OPKO securities.

47. Each of the Individual Defendants, therefore, acted as a controlling person of OPKO. By reason of their senior management positions and/or being directors of OPKO, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, OPKO to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of OPKO and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

48. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by OPKO.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.      Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.      Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.      Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

DATED: September 21, 2018                     Respectfully submitted,

Hedin Hall llp

By: /s/ Frank S. Hedin
    Frank S. Hedin

Frank S. Hedin (FBN 109698)
David W. Hall*
1395 Brickell Ave., Suite 900
Miami, Florida 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinhall.com
Email: dhall@hedinhall.com

**POMERANTZ LLP**
Jeremy A. Lieberman*
J. Alexander Hood II*
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom*
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

Email:  pdahlstrom@pomlaw.com

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein*
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Email: peretz@bgandg.com

**Pro Hac Vice* application forthcoming

***Attorneys for Plaintiff***

16

**Submission Date**

2018-09-13 13:50:20

# CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

1.   I  make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.   I have reviewed a Complaint against OPKO Health, Inc. ("OPKO" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3.   I did not purchase or acquire OPKO securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.   I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired OPKO securities during the class period, including providing testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.   To the best of my current knowledge, the attached sheet lists all of my transactions in OPKO securities during the Class Period as specified in the Complaint.

6.   During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.   I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.   I declare under penalty of perjury that the foregoing is true and correct.

## Name

**Print Name**

Michael Brennan

## Acquisitions

**Configurable list (if none enter none)**

(see attached)

## Sales

**Configurable list (if none enter none)**

(see attached)

## Documents & Message

**Upload your brokerage statements showing your individual purchase and sale orders.**

(redacted)

**Signature**



**Full Name**

Michael  Brennan

(redacted)

**OPKO Health (OPK)**                                                                 **Brennan, Michael**

### List of Purchases and Sales

| Date | Purchase or Sale | Number of Shares/Unit | Price Per Share/Unit |
|---|---|---|---|
| <u>Common Stock</u> | | | |
| 8/10/2015 | Purchase | 400 | $16.0000 |
| <u>OPK Aug 07 2015 $16.0 Put</u> | | | |
| 8/4/2015 | Sale | 4 | $0.2500 |